UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH R. SECREST,           ) | |
|                             ) | |
|    Petitioner           ) | |
|                             ) | |
| v.                          ) | CAUSE NO. 3:05-CV-507 RM |
|                             ) | (Criminal Cause No. 3:98-CR-36(01)RM) |
| UNITED STATES OF AMERICA,   ) | |
|                             ) | |
|    Respondent           ) | |

OPINION AND ORDER

On September 8, the government moved the court for more time in which to respond to the defendant's § 2255 motion. In reviewing the docket for consideration of this motion, the court discovered the existence of Mr. Secrest's first § 2255 petition. Before ruling on the government's motion, the court must first determine if it can procedurally entertain Mr. Secrest's second § 2255 motion. *See* FED. R. CIV. P. 60 ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative.").

On November 8, 2004, Mr. Secrest filed his first motion pursuant to 28 U.S.C. § 2255, raising the single of whether the new rule announced in Blakely v. Washington, 542 U.S. 296 (2004) and applied by the court of appeals in United States v. Booker, 375 F.3d 508 (7th Cir. 2004) rendered his sentence unconstitutional. The court summarily dismissed Mr. Secrest's motion because no court (including this one) had determined the rule of law stated in Blakely or applied in the court of appeals' Booker decision applied retroactively, but did so

without prejudice because the Supreme Court had granted the petition for writ of certiorari in Booker. On January 12, 2005, the Supreme Court issued its ruling in United States v. Booker, 125 S. Ct. 738 (2005), essentially affirming the court of appeals.

On August 19, Mr. Secrest filed his second § 2255 motion, which renews the Booker issue along with a variety of other legal theories attacking his sentence. Dismissal of Mr. Secrest's first § 2255 motion without prejudice as to the Booker argument doesn't provide the authority to address the multiple new issues raised in the present § 2255 motion. Paragraph 12 of Mr. Secrest's first § 2255 motion clearly directs him to: "[s]tate concisely every ground on which you claim that you are being held unlawfully," and then warns him "CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date." This bar stems from Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."

Mr. Secrest's multiple new arguments can only be considered part of a second or successive motion under § 2255 because they do not relate to the Supreme Court's ruling in Booker, the only relevant issue the court retained procedural jurisdiction to revisit. Because the court of appeals hasn't authorized

2

this court to address any of the new arguments contained in Mr. Secrest's second or successive motion, the court is precluded from addressing them.

As to the Booker argument, Mr. Secrest was sentenced in 1999. The Supreme Court's ruling in Booker does not apply retroactively to cases such as Mr. Secrest. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("[w]e conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005"). Arguments based on United States v. Booker cannot provide the basis for relief for Mr. Secrest's § 2255 motion.

Therefore, Mr. Secrest's § 2255 motion is DISMISSED WITH PREJUDICE as to his Booker argument, and SUMMARILY DISMISSED as improperly before the court as to his remaining arguments [Doc. No. 90]. Consequently, the court DENIES the government's motion for additional time as moot [Doc. No. 92].

SO ORDERED.

ENTERED: September 13, 2005

                          /s/ Robert L. Miller, Jr.
                          Chief Judge
                          United States District Court

cc:   J. Secrest
      K. Hays