UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 3:98-CR-36(01) RM |
| ) | |
| JOSEPH R. SECREST ) | |

OPINION AND ORDER

This matter comes before the court on Mr. Secrest's filing of a motion for relief from judgment under Rule 60(b)(6)[1] and for sentence reduction under 18 U.S.C. § 3582(c)(2).

Rule of Civil Procedure 60(b) doesn't provide any relief to Mr. Secrest. Mr. Secrest doesn't clarify whether his 60(b) motion attacks the judgment of this court entered in 1999 after the jury trial and guilty verdicts, or one of the three judgments of this court that deny his motions to vacate under 28 U.S.C. § 2255 and were entered in 2004, 2005, and 2006. Regardless, the court can't grant relief under Rule 60(b) because of the time elapsed (*see* Rule 60(c)(1), which states "A motion under Rule 60(b) must be made within a reasonable time . . .") and because of the procedural posture (*see* 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3), which require successive § 2255 motions to be certified by the court of appeals).

---

[1]Mr. Secrest's motion refers to rule "60(G)(6)," but, since there is no subsection (G) to Rule 60, he later refers to 60(b), and (b) is the most logical subsection, if any, the court construes this as a motion under Federal Rule of Civil Procedure 60(b)(6).

Neither does 18 U.S.C. § 3582 apply to Mr. Secrest. In its 2011 Sentencing Commission Guidelines Manual, the United States Sentencing Commission changed the ratio of cocaine base (crack) to align more closely with the weight calculations used for powder cocaine. On June 30, 2011, the United States Sentencing Commission voted unanimously to make these weight changes retroactive, allowing prisoners who were sentenced under the old weight calculations to petition the court under 18 U.S.C. § 3582 for a sentence reduction if the alteration of the guidelines would have produced a lower base offense level. Mr. Secrest, however, was found guilty of one count of knowingly mailing, transporting, or shipping in interstate commerce child pornography (in violation of 18 U.S.C. § 2252A(a)(1)); two counts of sexual exploitation of children (in violation of 18 U.S.C. § 2251(a)); ten counts of possessing material that contains three or more images of child pornography that have been mailed or shipped or transported in interstate or foreign commerce (in violation of 18 U.S.C. § 2252A(a)(5)); one count of possession of material involving the sexual exploitation of minors (in violation of 18 U.S.C. § 2252(a)(4)); and one count of intimidation or force against a witness (in violation of 18 U.S.C. 1512(b)(2)(B)). Since none of these convictions relate to cocaine base (crack cocaine), they are not covered by the retroactive sentencing guideline amendments and the court cannot adjust Mr. Secrest's sentence under 18 U.S.C. § 3582.

Thus, the court cannot grant the relief Mr. Secrest seeks and his motion (Doc. No. 100) is DENIED.

SO ORDERED.

ENTERED: November 16, 2011


                                                      /s/ Robert L. Miller, Jr.
                                                     Judge
                                                   United States District Court

CC: J. Secrest
     K. Hays-AUSA